IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

VANESSA SOTO,                              )
on behalf of plaintiff and the class       )
members described below,                   )
                                           )
            Plaintiff,                     )
                                           )
       vs.                                 )
                                           )
MASTERS MARTIAL ARTS                       )
ACADEMY OF OAK LAWN INC.,                  )
and AFFILIATED ACCEPTANCE                  )
CORPORATION,                               )
                                           )
            Defendants.                    )

**MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**[1]

Plaintiff Vanessa Soto ("plaintiff") respectfully requests that this Court enter an order determining that this action may proceed as a class action against defendants Masters Martial Arts Academy of Oak Lawn Inc. ("MMA") and Affiliated Acceptance Corporation ("AAC"). This memorandum is submitted in support of that motion.

**I.      NATURE OF THE CASE**

On April 4, 2015, plaintiff signed a membership agreement with defendant MMA, attached as Exhibit A. The membership was for plaintiff's minor daughter. Exhibit A provides for a down payment and payment of an unpaid balance in 35 monthly payments of $199 each. Since the obligation created by Exhibit A was repayable in more than 4 installments, it was an extension of credit subject to TILA. However, no Truth in Lending disclosures were provided by defendant MMA.

---

[1] Exhibits referenced are attached to Plaintiff's Motion for Class Certification.

1

Exhibit A is a printed form, regularly used by defendant MMA and regularly filled out in the same manner as was done with plaintiff. On information and belief, it is the policy and practice of defendant MMA to not provide TILA disclosures.

Plaintiff's husband lost his job and plaintiff had to cancel her daughter's membership, which she did orally on June 10, 2015 and by letter of June 11, 2015 (Exhibit B). Defendant MMA demanded payment of 75% of the balance due on the contract.

MMA assigned or transferred the contract to AAC at some point prior to July 8, 2015. On July 8, 2015, AAC sent plaintiff the letter attached as Exhibit C. Plaintiff objected to the continuation of the contract.

Exhibit A contains a three day cancellation provision, but omits the statement about certified or registered mail, required by 815 ILCS 645/6:

> 645/6. Contract requirements: cancellation and refund
>
> (b) Every contract for physical fitness services shall provide that notice of cancellation pursuant to subsection (a) of this Section shall be made in writing and delivered by certified or registered mail to the center at the address specified in the contract. All refunds to which a customer or his estate is entitled shall be made within 30 days of receipt by the center of the cancellation notice.

Exhibit A further states that "The enrollee understands that once he/she completes a trial lesson and subsequently signs a contract, his/ her right to cancel the contract is EXPRESSLY WAIVED." No such exception is authorized by Illinois statute.

## II.  STANDARD FOR CLASS CERTIFICATION

Class actions are essential to enforce laws protecting consumers. As the court stated in *Eshaghi v. Hanley Dawson Cadillac Co.*, 214 Ill.App.3d 995, 574 N.E.2d 760 (1st Dist. 1991):

> In a large and impersonal society, class actions are often the last barricade of consumer protection. . . . To consumerists, the consumer class action is an inviting procedural device to cope with frauds causing small damages to large groups. The slight loss to the individual, when aggregated in the coffers of the wrongdoer, results in gains which are both handsome

2

and tempting. The alternatives to the class action – private suits or governmental actions – have been so often found wanting in controlling consumer frauds that not even the ardent critics of class actions seriously contend that they are truly effective. The consumer class action, when brought by those who have no other avenue of legal redress, provides restitution to the injured, and deterrence of the wrongdoer. (574 N.E.2d at 764, 766)

With respect to the Truth in Lending Act ("TILA") claim, in revising 15 U.S.C. §1640 to expressly refer to class actions, Congress recognized that "potential class action liability is an important encouragement to the voluntary compliance which is so necessary to insure nationwide adherence to uniform disclosure." *Bantolina v. Aloha Motors*, 419 F.Supp. 1116, 1120 (D.Haw. 1976). "The possibility of class-action exposure is essential to the prophylactic intent of the Act, and is necessary to elevate truth-in-lending lawsuits from the ineffective nuisance category to the type of suit which has enough sting to insure that management will strive with diligence to achieve compliance." *Id.* (citing the 1972 Federal Reserve Board annual report on the Truth in Lending Act).

Since 15 U.S.C. §1640 was amended to provide for class actions, classes have been certified in a substantial number of TILA actions. *Haynes v. Logan Furniture Mart, Inc.*, 503 F.2d 1161 (7th Cir. 1974); *Adiel v. Chase Fed. S&L Ass'n*, 810 F.2d 1051 (11th Cir. 1987); *Hughes v. Cardinal Fed. S&L Ass'n*, 566 F.Supp. 834 (S.D.Ohio 1983); *Fetta v. Sears, Roebuck & Co.,* 77 F.R.D. 411 (D.R.I. 1977); *Bantolina*, supra; *Jones v. Goodyear Tire & Rubber Co.*, 442 F.Supp. 1157 (E.D.La. 1977); *Simon v. World Omni Leasing, Inc.*, 146 F.R.D. 197 (S.D.Ala. 1992); *Diaz v. Westgate Lincoln Mercury, Inc.*, 1994 U.S. Dist. LEXIS 16300 (N.D. Ill., Nov. 14, 1994).

Putative class claims brought under TILA– including cases where plaintiff's counsel have sought to be appointed as class counsel – have been certified as class actions. *Van Jackson v. Check 'N Go of Illinois, Inc.*, 193 F.R.D. 544 (N.D.Ill. 2000); *Davis v. Cash For Payday, Inc.*, 193 F.R.D. 518 (N.D.Ill. 2000); *Pinkett v. Moolah Loan Co.*, No. 99 CV 02700, 1999 WL 1080596 (N.D.Ill. Nov. 1, 1999) ; *Taylor v. Halsted Fin. Servs., LLC*, No. 99 CV 02466, 2000 WL 33201925 (N.D.Ill.

Jan. 13, 2000); *Donnelly v. Illini Cash Advance, Inc.*, No. 00 CV 00094, 2000 WL 1161076 (N.D.Ill. Aug. 16, 2000); *Smith v. Short Term Loans LLC*, No. 99 CV 01288, 2001 WL 127303 (N.D.Ill. Feb. 9, 2001).

### III. THE PROPOSED CLASSES MEET THE REQUIREMENTS OF RULE 23

*A.     Rule 23(a)(1) – Numerosity*

Fed.R.Civ.P. 23(a)(1) requires that a class be "so numerous that joinder of all members is impracticable." "When the class is large, numbers alone are dispositive . . . ." *Riordan v. Smith Barney*, *supra*. Where the class numbers at least 40, joinder is generally considered impracticable. *Swanson v. American Consumer Industries*, 415 F.2d 1326, 1333 (7th Cir. 1969) (40 sufficient); *Cypress v. Newport News General & Nonsectarian Hospital Ass'n*, 375 F.2d 648, 653 (4th Cir. 1967) (18 sufficient); *Riordan, supra* (10-29 sufficient); *Sala v. National R. Pass. Corp.*, 120 F.R.D. 494, 497 (E.D.Pa. 1988) (40-50 sufficient). It is not necessary that the precise number of class members be known: "A class action may proceed upon estimates as to the size of the proposed class." *In re Alcoholic Beverages Litig.*, 95 F.R.D. 321 (E.D.N.Y. 1982); *Lewis v. Gross*, 663 F.Supp. 1164, 1169 (E.D.N.Y. 1986).

The Court may "make common sense assumptions in order to find support for numerosity." *Evans v. United States Pipe & Foundry*, 696 F.2d 925, 930 (11th Cir. 1983). "The court may assume sufficient numerousness where reasonable to do so in absence of a contrary showing by defendant, since discovery is not essential to most cases in order to reach a class determination. . . . Where the exact size of the class is unknown, but it is general knowledge or common sense that it is large, the court will take judicial notice of this fact and will assume joinder is impracticable." 2 Newberg on Class Actions (3d ed. 1995), §7.22.

In the present case, it is reasonable to infer that the numerosity requirement is satisfied in the

class because of the obvious form nature of Exhibit A. Exhibit A is a standard printed form used in scores of hundreds of similar transactions. Therefore, it is reasonable to assume that defendant engaged in the conduct described above with at least 40 people.

      B.      *Rules 23(a)(2) and 23(b)(3) – Predominance of common issues*

Fed.R.Civ.P. 23(a)(2) requires that there be a common question of law or fact. Not all factual or legal questions raised in the litigation need be common so long as at least one issue is common to all class members. *Spencer v. Central States Pension Fund*, 778 F.Supp. 985, 989 n.2 (N.D.Ill. 1991). Where a question of law involves "standardized conduct of the defendants toward members of the proposed class, a common nucleus of operative facts is typically presented, and the commonality requirement . . . is usually met." *Franklin v. City of Chicago*, 102 F.R.D. 944, 949 (N.D.Ill. 1984); *Patrykus v. Gomilla*, 121 F.R.D. 357, 361 (N.D.Ill. 1988).

Fed.R.Civ.P. 23(b)(3) further requires that these common issues predominate over individual concerns. This criterion is normally satisfied when there is an essential common factual link between all class members and the defendants for which the law provides a remedy. *Halverson v. Convenient Food Mart, Inc.*, 69 F.R.D. 331 (N.D.Ill. 1974). In the present case, common questions of law and fact clearly predominate over individual concerns.

In the present case, the principal factual questions is: whether defendant MMA does not provide TILA disclosures. The principal legal questions are (1) whether TILA governs the transactions of Plaintiff and the class, (2) whether Exhibit A complies with the PFSA, 815 ILCS 645, and (3) whether defendant AAC is liable for such nondisclosure.

The only individual issues are the identification of the class members, a matter capable of ministerial determination from defendant's records. Questions readily answerable from defendants' files do not present an obstacle to class certification. *Heastie v. Community Bank*, 125 F.R.D. 669

5

(N.D.Ill. 1989) (court found that common issues predominated where individual questions of injury and damages could be determined by "merely comparing the contract between the consumer and the contractor with the contract between the consumer and Community Bank"); *Wilkinson v. F.B.I.*, 99 F.R.D. 148, 157 (C.D.Cal. 1983) ("a need for individual proof of damages would not preclude class certification. `The amount of damages is invariably an individual question and does not defeat class treatment.'"); *Franklin v. City of Chicago*, 102 F.R.D. 944, 949 (N.D.Ill. 1984) (similar).

C. *Rule 23(a)(3) – Typicality*

Rule 23(a)(3) requires that the claims of the named plaintiff be typical of the claims of the classes:

> A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory. The typicality requirement may be satisfied even if there are factual distinctions between the claims of the named plaintiffs and those of other class members. Thus, similarity of legal theory may control even in the face of differences of fact. (*De La Fuente v. Stokely-Van Camp, Inc.,* 713 F.2d 225, 232 (7th Cir. 1983) (citation omitted).

In the instant case, typicality is inherent in the definition of the classes. By definition, members of the class are persons who entered into contracts with defendant MMA which were assigned to defendant AAC. Based on the obvious form nature of plaintiff's documentation, it is reasonable to infer that all members of the class received similar, deficient documentation in their transactions. All of their claims arise from the same practices of defendant not providing required TILA disclosures which gave rise to the named plaintiff's claim.

D. *Rule 23(a)(4) – Adequacy of Representation*

Rule 23 also requires that the named plaintiff provide fair and adequate protection for the interests of the classes members. That protection involves two factors: (a) the plaintiff's attorney must be qualified, experienced, and generally able to conduct the proposed litigation; and (b) the plaintiff must not have interests antagonistic to those of the classes. *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992); accord, *Wetzel v. Liberty Mut. Ins. Co.*, 508 F.2d 239, 247 (3d Cir.

1975); *In re Alcoholic Beverages Litig.*, 95 F.R.D. 321 (E.D.N.Y. 1982).

Plaintiff understands the obligations of a class representative, and has retained experienced counsel, as is indicated by Exhibit D, which sets forth counsel's qualifications.

The second relevant consideration under Rule 23(a)(4) is whether the interests of the named plaintiff is coincident with the general interests of the class members. Here, both plaintiff and class members seek money damages. Given the identity of claims between the plaintiff and members of the class, there is no potential for conflicting interests in this action. There is no antagonism between the interests of the named plaintiff and those of the class.

### E. Rule 23(b)(3) – Superiority

Efficiency is the primary focus in determining whether the class action is the superior method for resolving the controversy presented. *Eovaldi v. First Nat'l Bank*, 57 F.R.D. 545 (N.D.Ill. 1972). The Court is required to determine the best available method for resolving the controversy in keeping with judicial integrity, convenience, and economy. *Scholes*, 143 F.R.D. at 189; *Hurwitz v. R.B. Jones Corp.*, 76 F.R.D. 149 (W.D.Mo. 1977). It is proper for a court, in deciding the "best" available method, to consider the ". . . inability of the poor or uninformed to enforce their rights, and the improbability that large numbers of class members would possess the initiative to litigate individually." *Haynes v. Logan Furniture Mart, Inc.*, 503 F.2d 1161, 1165 (7th Cir. 1974).

In this case there is no better method available for the adjudication of the claims which might be brought by each individual class member. The resolution of all claims held by members of the classes in a single proceeding would promote judicial efficiency. Furthermore, members of the class may not be aware of their rights under the law to recover from defendants' practices.

The special efficacy of the consumer class action has been noted by the courts and is applicable to this case:

> A class action permits a large group of claimants to have their claims adjudicated in a single lawsuit. This is particularly important where, as here, a large number of small and medium sized claimants may be involved. In light of the awesome costs of discovery and trial, many of them would not be able to secure relief if class certification were denied . . . . (*In re Folding Carton Antitrust Litig.*, 75 F.R.D. 727, 732 (N.D.Ill. 1977) (citations omitted).)

Another court noted:

> Given the relatively small amount recoverable by each potential litigant, it is unlikely that, absent the class action mechanism, any one individual would pursue his claim, or even be able to retain an attorney willing to bring the action. As Professors Wright, Miller and Kane have discussed, in analyzing consumer protection class actions such as the instant one, 'typically the individual claims are for small amounts, which means that the injured parties would not be able to bear the significant litigation expenses involved in suing a large corporation on an individual basis. These financial barriers may be overcome by permitting the suit to be brought by one or more consumers on behalf of others who are similarly situated.' 7B Wright et al., §1778, at 59; see *e.g., Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 809 (1985) ('Class actions...may permit the plaintiff to pool claims which would be uneconomical to litigate individually.') The public interest in seeing that the rights of consumers are vindicated favors the disposition of the instant claims in a class action form. (*Lake v. First Nationwide Bank*, 156 F.R.D. 615 at 628, 629 (E.D.Pa 1994).)

## IV. CONCLUSION

The resolution of the common, and predominant, claims of numerous people in a single proceeding is an appropriate way to resolve the claims made by plaintiff here. Accordingly, the classes that plaintiff seeks to represent should be certified.

Respectfully submitted,

s/Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

**CERTIFICATE OF SERVICE**

  I, Daniel A. Edelman, hereby certify that on September 25, 2015, I caused to be filed the foregoing document with the Clerk of the Court using the CM/ECF System, and shall cause to be served, as soon as service may be effectuated, a true and accurate copy of such filing via process server upon the following:

Masters Martial Arts Academy of Oak Lawn, Inc.
C/O Registered Agent Hee Sook Lee
48 Horseshoe Ln.
Lemont, Illinois 60439

Affiliated Acceptance Corporation
C/O Registered Agent E Alan Downey
14443 N State Hwy 5 PO Box 790001
Sunrise Beach, MO 65079

                s/Daniel A. Edelman